UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :

SHERI KAMIEL                                      :

                                    Plaintiff,        :      19 Civ. 5336 (PAE) (SDA)
                -v-                                   :
                                                         :      <u>OPINION & ORDER</u>
HAI STREET KITCHEN & CO. LLC; SAKURA DINING  :
CORPORATION; SUN JOON KIM, *individually*; and     :
DAISUKE KAWAUCHI, *individually*,                   :
                                                         :
                                    Defendants.      :
                                                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       This opinion concerns a damages inquest conducted after the Court entered a default judgment as to liability against defendants Hai Street Kitchen & Co. LLC ("Hai Street"), Sakura Dining Corporation ("Sakura"), Sun Joon Kim, and Daisuke Kawauchi. Dkt. 38. Before the Court is the March 17, 2020 Report and Recommendation (the "Report") of the Honorable Stewart D. Aaron, United States Magistrate Judge, recommending that the Court (1) enter judgment in Kamiel's favor against all defendants, jointly and severally, in the amount of $66,090; (2) separately enter judgment in Kamiel's favor against Hai Street and Sakura in the amount of $35,000; (3) award Kamiel prejudgment interest, as outlined in the Report; (4) award Kamiel $4,000 in attorneys' fees and costs against all defendants, jointly and severally; and (5) grant Kamiel post-judgment interest on the full judgment amounts, pursuant to 28 U.S.C. § 1961. For the reasons that follow, the Court adopts the Report in its entirety.

**I.      Background**

       On June 6, 2019, plaintiff Sheri Kamiel filed her Complaint against defendants Hai Street Kitchen Co., Sakura, Kim, and Kawauchi. Dkt. 1. On June 18, 2019, Kamiel filed an Amended

Complaint, terminating Hai Street Kitchen Co. and substituting defendant Hai Street Kitchen & Co. LLC.  Dkt. 5.  She brought claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), alleging discrimination based on disability.  Kamiel also brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Labor Law Articles 6 & 9 ("NYLL"), alleging, *inter alia*, a failure to pay earned wages and overtime compensation.  Defendants never filed an answer or otherwise appeared in this action.

On August 21, 2019 and October 23, 2019, Kamiel obtained Clerk's Certificates of Default against defendants.  Dkts. 20, 31.  On October 2, 2019, Kamiel filed a motion for default judgment.[1]  Dkt. 32.  On December 2, 2019, the Court held a hearing on Kamiel's motion, and, on December 3, 2019, entered a default judgment in Kamiel's favor.  Dkt. 38.  On the same day, the Court referred the case to Judge Aaron for an inquest into damages.  Dkt. 39.

On March 17, 2020, Judge Aaron issued the Report.  Dkt. 47.  To date, no objections have been filed.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

---

[1] This was Kamiel's second motion for default judgment, filed after her counsel failed to appear at a hearing on the first motion for default judgment.  *See* Dkt. 28.

to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because no party has timely submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Aaron's thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Court, therefore, adopts the Report in its entirety.

In addition, the Report expressly states that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**" Report at 17. Accordingly, each party's failure to object to the Report in a timely manner operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                                            *Paul A. Engelmayer*
                                                                            Paul A. Engelmayer
                                                                            United States District Judge

Dated: April 20, 2020
           New York, New York